**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CYRUS R. SANDERS, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-1723 |
| | : | |
| v. | : | (MANNION, D.J.)[1] |
| | : | (BLEWITT, M.J.) |
| COUNTY OF BRADFORD, *et al.*, | : | |
| | : | |
| Defendants | : | |

## <u>MEMORANDUM</u>[2]

Presently before the court are three reports and recommendations, (Docs. No. 64, 66, 67), issued by Magistrate Judge Thomas M. Blewitt.[3] The first, (Doc. No. 64), recommends that the motion to dismiss filed by Defendants District Attorney Daniel Barrett and the County of Bradford

---

[1] The instant action was originally assigned to the Honorable A. Richard Caputo. Judge Caputo referred the case to the undersigned while the undersigned was serving as a United States Magistrate Judge. Upon appointment to the District Court and verbal order dated January 4, 2013, the matter was reassigned to the undersigned as presiding judge. On January 22, 2013 the case was referred to Judge Blewitt.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[3] The plaintiff misidentifies Judge Blewitt as "Magistrate." The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). The plaintiff is reminded to use the correct title, in the future, when referring to Judge Blewitt.

(hereinafter the "Bradford County Defendants"), (Doc. No. 23), be granted. The second, (Doc. No. 66), recommends that the motion to dismiss filed by Defendants Lizette Harner and the Pennsylvania Department of Transportation (hereinafter the "PennDOT Defendants"), (Doc. No. 24), be granted. The third, (Doc. No. 67), recommends that the motion to dismiss filed by Defendants Montgomery County, District Attorney Risa Vetri Ferman, Detective Richard Marsh and "Officers Unknown" (hereinafter the "Montgomery County Defendants"), (Doc. No. 25), be granted. In addition, Judge Blewitt recommends the *sua sponte* dismissal of claims against James Vanness and Cynthia Dunlap. For the reasons outlined below, the court will adopt each report and recommendation in part and grant each pending motion to dismiss.

## I.    BACKGROUND

The plaintiff, currently an inmate at the State Correctional Institution at Somerset, Pennsylvania, filed his original complaint on September 15, 2011, (Doc. No. 1). The plaintiff alleges that various state officials conspired to deprive him of his ownership of several motor vehicles and denied him equal protection and due process by failing to investigate his claims of misconduct. The plaintiff's complaint comprises five counts. Count I alleges denial of due process, property ownership rights and access to the courts against the Bradford County Defendants. The plaintiff claims that District Attorney Barrett unlawfully refused to investigate private criminal complaints filed by the plaintiff under Pennsylvania Rule of Criminal Procedure 506. Count II alleges denial

of due process, equal protection and access to the courts against the Montgomery County Defendants, Notary Public Bruce Cohen and Cynthia Dunlap. The plaintiff alleges that the Montgomery County Defendants failed to investigate his private criminal complaints and denied him equal protection as evidenced in a response by Detective Marsh who wrote "...sir you are a convict and as such your word is worth nothing." (Doc. No. 1 at 12). Count III alleges denial of due process, equal protection and property ownership rights against the PennDOT Defendants for not protecting against the fraudulent transfer of his motor vehicles and investigating his claims fo misconduct. Count IV alleges conspiracy, deprivation of property and fraudulent acts of state actors against Notary Public Bruce Cohen, Notary Public Annette Ryan, James Vanness and Cynthia Dunlap for fraudulently transferring ownership of his motor vehicles. Count V requests review of the decision making process of the Bradford County Defendants, the Montgomery County Defendants and the PennDOT Defendants under the Administrative Procedures Act.

On June 22, 2012, the Bradford County Defendants filed a motion to dismiss, (Doc. No. 23). On July 17, 2012, the defendants filed a brief in support, (Doc. No. 28). The Bradford County Defendants argued that District Attorney Barrett is entitled to absolute immunity, that the plaintiff failed to state a claim with respect to the county itself and that the claims were barred by *res judicata* and the Pennsylvania preclusion doctrine. On November 29, 2012, the plaintiff filed a brief in opposition, (Doc. No. 54). On November 30, 2012, the Bradford County Defendants filed a brief in reply, (Doc. No. 58), to which the plaintiff filed a sur reply on December 11, 2012, (Doc. No. 60)

On July 3, 2011, the PennDOT Defendants filed a motion to dismiss, (Doc. No. 24). On July 17, 2011, the defendants filed a brief in support, (Doc. No. 27). The PennDOT Defendants argue that the plaintiff's claims are barred by Eleventh Amendment immunity, in part by the statute of limitations, and by collateral estoppel. Alternatively, the defendants argue the plaintiff has failed to state a claim for due process or equal protection violations. On November 29, 2012, the plaintiff filed a brief in opposition, (Doc. No. 55).

Also on July 3, 2011, the Montgomery County Defendants filed a motion to dismiss, (Doc. No. 25). On July 17, 2011, the defendants filed a brief in support, (Doc. No. 29). The Montgomery County Defendants argue that the plaintiff has failed to state claims for violations of his rights to due process, equal protection, and access to the courts and that the Administrative Procedures Act is inapplicable. On November 29, 2012, the plaintiff filed a brief in opposition, (Doc. No. 56). On February 4, 2013, the plaintiff filed an addendum exhibit to his prior brief in opposition, (Doc. No. 63).

On February 19, 2013, Judge Blewitt issued the first of the three reports and recommendations presently before the court, regarding the motion to dismiss filed by the Bradford County Defendants, (Doc. No. 64). On March 6, 2013, the plaintiff filed his objections to the report and recommendation, (Doc. No. 65). On March 19, 2013, the defendants filed a brief in opposition to the plaintiff's objections, (Doc. No. 69). On March 27, 2013, the plaintiff filed a "traverse" to the defendant's brief in opposition, (Doc. No. 72).

On March 8, 2013, Judge Blewitt issued the two other reports and recommendations before the court, regarding the PennDOT Defendants'

motion to dismiss, (Doc. No. 66), and the Montgomery County Defendants' motion to dismiss, (Doc. No. 67). On March 21, 2013, the plaintiff filed objections to each of the reports, (Docs. No. 71, 70). On April 1, 2013, the Montgomery County Defendants filed a brief in opposition to the plaintiff's objections, (Doc. No. 73). On April 4, 2013, the PennDOT Defendants filed a brief in opposition, (Doc. No. 74). On April 16, 2013, the plaintiff filed a brief in response addressing the opposition briefs of both defendant groups, (Doc. No. 75).

## III.  STANDARDS OF REVIEW

### A. Report and Recommendation

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.

2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

### B. Motion to Dismiss

As an initial matter, it is important to note that this court is required to liberally construe a pro se plaintiff's pleadings; "however inartfully pleaded," the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In doing so, the court is to "apply the applicable law irrespective of whether a pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 687 (3d Cir. 2002). Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of the "necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d

Cir.1994).

## IV.    DISCUSSION

The motions to dismiss and reports and recommendations pending before the court share some common legal arguments in addition to individual bases for dismissal. As such, the court will first discuss and resolve legal issues present in several of the pending reports and then focus on issues specific to the individual motions.

### A. General Findings

#### i. Res Judicata

In the reports and recommendations regarding the Bradford County Defendants' motion and the PennDOT Defendants' motion, (Docs. No. 64, 66), Judge Blewitt found that *res judicata*, the Pennsylvania preclusion doctrine and collateral estoppel barred the claims. The court disagrees and will not adopt the reports to the extent they recommend dismissal on estoppel grounds. "Under Pennsylvania law, the concept of *res judicata* encompasses two related, yet distinct principles: technical *res judicata* and collateral estoppel." *Parker v. Pennstar Bank, NBT*, 2009 WL 2194522 (M.D. Pa. July 22, 2009) (citing *Stilp v. Pennsylvania*, 910 A.2d 775, 783 (Pa.Commw.Ct. 2006)). A defense of res judicate must demonstrate that there has been: "(1) a final judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172-73 (3d Cir. 2009)(citing *Lubrizol Corp. v.   *173 Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991)).

8

In the plaintiff's prior case, *Sanders v. Downs, et al.*, Civil No. 08-1560, the plaintiff brought several claims including allegations that state officials had conspired to deprive him of his property. (Doc. No. 21, Civil No. 08-1560). Among the items the plaintiff alleged had been taken from his property were the motor vehicles referenced in the instant action. The court finds that the instant claims, alleging improper transfer of the title to his motor vehicles and failure to investigate subsequent claims of misconduct, are not sufficiently connected to the original allegations of theft from the property so as to preclude possible recovery. Although the two actions undoubtedly share some common facts, the instant action focuses on the fraudulent transfer of ownership rights and the plaintiff's requests to have the transfers reviewed by various state authorities. As will be discussed below, however, *res judicata* principles largely act as an alternative theory for dismissal in this case and each of the motions to dismiss will be granted on other grounds.

### ii. Prosecutorial Immunity

Prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute an individual. *See Stankowski v. Farley, 487 F. Supp. 2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.Appx. 363, 365 (3d Cir. 2007)*. The plaintiff argues that Pennsylvania Rule of Criminal Procedure 506 requires a prosecutor to either approve or disapprove of a private criminal complaint and, therefore, a District Attorney's failure to respond in a timely fashion constitutes a refusal to perform his duty. The plaintiff argues that a prosecutor cannot enjoy immunity when failing to perform his duties. As will be discussed further below, the court finds

that Rule 506 does not confer an entitlement to investigation and, therefore, a failure to investigate does not violate any protected interest. *See Keys v. Carroll, 2011 WL 1152135 (M.D.Pa. March 28, 2011)*. Finding that Rule 506 does not modify a prosecutor's generally broad discretion in choosing whether or not to prosecute individuals, the court finds no occasion to augment the scope of prosecutorial immunity.

Judge Blewitt noted that prosecutorial immunity applies only to claims for monetary damages, not for injunctive relief. *See Blakeney v. Marisco, 340 Fed. Appx. 778, 779 (3d Cir. 2009)*. Judge Blewitt, however, found that the injunctive relief requested in this action is not available. Specifically, he found that the court does not have authority to order a state criminal prosecution and that copies of the plaintiff's complaints to the various state authorities can be obtained via the Freedom of Information Act, 5 U.S.C. §552. The plaintiff has not objected to these findings. The court agrees that the requested injunctive relief is not available, therefore prosecutorial immunity operates as a complete bar in this case.

### iii. Eleventh Amendment Immunity and Monell

Federal courts can not consider suits by private parties against states and their agencies unless the state has consented to the filing of such a suit. *See Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 167-174 (3d Cir. 2002)*. This immunity extends to suits asserting civil rights violations where the state is named as a defendant. *See Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir.1981)*. "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter

state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." *Chittister v. Dep't. of Community & Economic Dev.*, 226 F.3d 223, 226 (3d Cir.2000). The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. "By statute Pennsylvania has specifically withheld consent [to be sued]." *Laskaris*, 661 F.2d at 25 (citing Pa. Cons.Stat. Ann. §§8521(b)). Additionally, §1983 does not abrogate the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Further, an essential element of any claim under §1983 is that the alleged wrongdoing was committed by a "person." 42 U.S.C. §1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under §1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). "Individual state employees sued in their official capacities are entitled to Eleventh Amendment immunity because official-capacity suits generally represent only another way of pleading an action" against the state. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir.2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)).

Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)); *see also Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D.Pa. 2008). A municipality is a "person" for purposes of §1983. *See Bd. of the County Comm'rs of Bryan County,*

*Oklahoma v. Brown,* 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689 (1978)). But §1983 does not allow municipal liability under a theory of *respondeat superior. Id.* A municipality is not liable under §1983 merely for employing someone who violates a person's civil rights; rather, a municipality that does not directly violate a person's civil rights is liable only where it has in place a policy or custom that led to the violation. *Id.* This rule ensures that a municipality will only be liable where it is the "moving force" behind the plaintiff's injury. *Id.* The plaintiff bears the burden of identifying the policy or custom. *Id.* The plaintiff's allegations against the various state agencies and subdivisions will be individually discussed pursuant to this standard below.

### iv. Due Process

The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. To the extent that the plaintiff is attempting to assert a substantive due process claim, the plaintiff must prove that he was deprived of a protected property interest by arbitrary or capricious government action. *See Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir.1998). Similarly, "[a] procedural due process analysis involves a two step inquiry: (1) does the complaining party have a protected liberty or property interest and, if so, (2) does the available process comport with all constitutional requirements." *Bowen v. Ryan*, 2006 WL 3437287 (M.D. Pa. Nov. 29, 2006) *aff'd*, 248 Fed. Appx. 302 (3d Cir. 2007); *see also Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir.2000).The touchstone of both types of due process claims is

12

the existence of a protected interest.

In the plaintiff's prior related case, *Sanders v. Downs*, *et al.*, Civil No. 08-1560, the Third Circuit definitively stated that "there is no constitutional right to an investigation or a prosecution." *See Sanders v. Downs, et al.*, 420 Fed. Appx. 175, 180 (3d Cir. 2011); *see also Keys v. Carroll*, 2011 WL 1152135 (M.D.Pa. March 28, 2011). Because there is no protected interest in an investigation or prosecution, the plaintiff has not, nor will he be able to, demonstrate that the deprivation of a protected right has occurred. Therefore, to the extent that the plaintiff alleges a cause of action under §1983 for state officials' failure to investigate his private criminal complaints, such a claim must fail because such acts do not constitute a cognizable deprivation of protected rights on which a due process claim can rest.

### v. Equal Protection

The Third Circuit's holding in *Sanders* is similarly instructive as to requirements of the plaintiff's Equal Protection claims under the Fourteenth Amendment. *See Sanders*, 420 Fed. Appx. at 180. The Third Circuit stated that "an equal protection analysis concerns whether government actors discriminated against an individual for an impermissible reason, such as race, religion, or some other unjustifiable classification." *Id.* (citing *Prince v. Cohen*, 715 F.2d 87, 91-92 (3d Cir. 1983)). The plaintiff argues that he was denied equal protection because he is a convicted felon either as part of a protected class of felons or a "class of one." The court agrees with Judge Blewitt that convicted felons are not a suspect or quasi-suspect class for the purposes of an Equal Protection claim. (Doc. No. 67 at 19). Regardless, the plaintiff's

complaint contains no showing that convicted felons, as a class, are afforded less favorable treatment with respect to the filing of private criminal complaints. Therefore, to succeed in his equal protection claim, the plaintiff must plead that as an individual "class of one" he was irrationally treated differently from others who are similarly situated. *See Village of Willowbrook v. Olech*, 528 U.S. 563, 564, 120 S.Ct. 1073 (2000). The plaintiff has similarly failed to plead any facts that support a finding that he was irrationally treated differently because he was a convicted felon. The plaintiff offers the letter from Detective Marsh which demonstrated a lack of trust based on his status as a 'convict.' (Doc. No. 1 at 12). Judge Blewitt, however, took judicial notice of the plaintiff's criminal history which includes several crimes of dishonesty, defeating any claim by the plaintiff that the defendant's distrust was irrational. As such, the plaintiff has failed to plead a claim for a violation of Equal Protection.

### vi. Access to the Courts

Counts I and II of the plaintiff's complaint allege violations of his access to the courts. Though these claims were not directly addressed in each of the reports and recommendations, the court finds that the plaintiff cannot sustain such claims and they will be dismissed. To state a claim for a violation of the right to access to the courts, an individual must allege and offer proof that he suffered an "actual injury" to court access as a result of the denial. *See Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir.1997). The Supreme Court has defined an "actual injury" as the loss or rejection of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2179-82 (1996). As discussed above, the plaintiff had no cognizable right to the prosecution of

another. Therefore, when the defendants' decided not to pursue the plaintiff's private criminal complaints no actual injury – in the form of a lost or rejected claim – occurred because the plaintiff did not have a right to bring the claims at all. As such, the plaintiff cannot make out a claim for denial of access to the courts and any such claims will be dismissed.

### vii. Administrative Procedures Act

Count V of the plaintiff's complaint seeks review of the decisions of the Bradford County, Montgomery County and PennDOT Defendants pursuant to the Administrative Procedures Act. The plaintiff offers no statutory citation for the Act; however, in reviewing Pennsylvania and federal law, the court finds only the federal Administrative Procedures Act, 5 U.S.C. §500, *et seq*. As the Montgomery County Defendants note in the brief in support of their motion to dismiss, the federal statute applies only to agencies of the United States. (Doc. No. 29 at 10). The plaintiff's claims are all brought against subdivisions and agencies of the Commonwealth of Pennsylvania which this court has no authority to review under the federal statute. As such, the Administrative Procedures Act is inapplicable and Count V of the complaint will be dismissed.

### B. The Pending Reports and Recommendations

#### i. The Bradford County Defendants

Judge Blewitt recommends dismissal of all claims raised against the Bradford County Defendants. Judge Blewitt addressed the arguments raised by the defendants and found that: (1) prosecutorial immunity applies to bar claims against District Attorney Barrett; (2) the plaintiff had failed to state a

*Monell* claim against the County of Bradford; and (3) the Pennsylvania preclusion doctrine and *res judicata* barred the claims. (Doc. No. 64). The plaintiff filed objections to the report and recommendation and alleged that *res judicata* did not apply to the new claims raised in the instant action and that District Attorney Barrett is not entitled to immunity for failing to comply with his obligations under [Pennsylvania Rule of Criminal Procedure 506](). The plaintiff also raises objections to any venue challenges; however, no venue issues are raised in the motion to dismiss or report and recommendation. The court will adopt Judge Blewitt's report and recommendation to the extent that it finds that prosecutorial immunity exists and that the plaintiff has failed to state a claim against the County of Bradford, the court finds no need to address the issue of *res judicata*.

With respect to District Attorney Barrett, the court finds that, for the reasons stated above, prosecutorial immunity bars all recovery. The plaintiff's repeated objection that Rule 506 creates obligations not covered by prosecutorial immunity is unavailing. All claims against District Attorney Barrett will be dismissed.

With respect to the County of Bradford, Judge Blewitt found that the plaintiff has failed to identify any policy or custom that led to his alleged deprivation and, as such, he has failed to state a claim against the county. The plaintiff has not directly objected to the finding and this court's review finds no plausible claim against the county in the plaintiff's complaint. As such the court will dismiss all claims raised against the County of Bradford.

Finding that dismissal is appropriate on immunity grounds, the court

need not address the portion of the report and recommendation regarding the Pennsylvania preclusion principle and *res judicata* nor the objections related thereto.

### ii. The PennDOT Defendants

Judge Blewitt recommends that dismissal of all claims against the PennDOT Defendants. Judge Blewitt found that: (1) Eleventh Amendment immunity bars suit against the Pennsylvania Department of Transportation (hereinafter "PennDOT") and its employee Lizette Harner in her official capacity; (2) the statute of limitations bars any claims arising before September 9, 2009; and (3) collateral estoppel should bar the claims in their entirety. Judge Blewitt did not address portions of the motion to dismiss that alleged that the plaintiff had failed to state a claim for a violation of either his due process rights or equal protection. In his objections, the plaintiff argues that statute of limitations for his claims is longer than the two-year limit defined by the court, that collateral estoppel should not foreclose his new claims, that Eleventh Amendment immunity does not apply and that Judge Blewitt failed to address his due process violation claims in the report and recommendation.

The court agrees with Judge Blewitt that the Eleventh Amendment bars recovery against PennDOT and Lizette Harner in her official capacity. The court also agrees that any claims arising before September 9, 2009 are barred by the two-year statute of limitations applicable to §1983 claims. The plaintiff argues that either the four or twenty year statute of limitations should apply because his claim involves writings "under seal," namely the title documents to his motor vehicles. The court finds this argument unavailing because the

§1983 cases sound in tort and "federal courts apply the state personal injury statute of limitations, which is two years in Pennsylvania." *Sanders v. Downs, et al.*, 420 Fed. Appx. 175, 179 (3d Cir. 2011)(citing *Smith v. Holtz*, 87 F.3d 108, 111 & n. 2 (3d Cir.1996)); 42 Pa. Cons.Stat. Ann. § 5524 (West 2004). "A §1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." *Id.* (quoting *Sameric Corp. of Delaware v. Philadelphia*, 142 F.3d 582, 599 (3d Cir.1998)). Therefore, the court will dismiss any claims against Defendant Harner in her individual capacity that arose before September 9, 2009. As discussed above, the court does not find that principles of *res judicata* or collateral estoppel bar claims related to the fraudulent transfer of the title of the plaintiff's motor vehicles. Believing further inquiry was unnecessary, Judge Blewitt did not address the portion of the PennDOT Defendants' motion to dismiss regarding the argument that the plaintiff has failed to state a claim. As discussed above, however, the plaintiff has failed to state a due process claim because he cannot show the deprivation of a protected right nor has he stated an Equal Protection claim because he has not demonstrated any disparate treatment. Therefore, no claims remain against Defendant Harner in her individual capacity and the court will dismiss all claims against the PennDOT Defendants.

### *iii. The Montgomery County Defendants*

Judge Blewitt recommends dismissal of all claims against the Montgomery County Defendants. Judge Blewitt found that: (1) the plaintiff had failed to state claim related to the deprivation of any constitutional right against

any of the Montgomery County Defendants; (2) District Attorney Risa Vetri Ferman is entitled to prosecutorial immunity; (3) the plaintiff had failed to state a *Monell* claim against Montgomery County; (4) the plaintiff failed to state an Equal Protection claim under the Fourteenth Amendment. In addition, Judge Blewitt recommends, *sua sponte*, the dismissal of claims brought against two private citizens, Cynthia Dunlap and James Vanness.

In his objections, the plaintiff argues that: (1) the Montgomery County Defendants' total refusal to investigate constitutes an actionable violation of his rights; (2) prosecutorial immunity does not protect District Attorney Ferman; (3) Montgomery County failed to properly train and supervise its employees; (4) the Montgomery County Defendants' complete failure to investigate his claims was based on his status as an inmate, thereby violating his Fourteenth Amendment Equal Protection rights; and (5) the complaint sufficiently raises conspiracy claims to support his claims against Cynthia Dunlap and Notary Cohen. The plaintiff, however, appears to raise no objection to Judge Blewitt's recommendation that James Vanness be dismissed from the case.

For the reasons discussed above, the court finds that prosecutorial immunity does exists and therefore all claims against District Attorney Ferman will be dismissed. Similarly, the court finds that the plaintiff has failed to state a *Monell* claim against the Montgomery County and with respect to Detective Marsh in his official capacity. The plaintiff argues that the Montgomery County's failure to train and monitor Detective Marsh allowed him to improperly dismiss private criminal complaints. This argument is unavailing in light of the fact that the plaintiff has no right to the investigation of his claims.

19

Although Detective Marsh could be liable in his individual capacity, similar to Defendant Harner, the court has found that the plaintiff failed to state claims for a deprivation of his rights without due process or for a violation of his right to Equal Protection. As such, no claims remain against any of the Montgomery County Defendants and the motion to dismiss will be granted with respect to District Attorney Ferman, Montgomery County, Detective Marsh and the "Unknown Officers" and all claims against them will be dismissed.

Judge Blewitt's report and recommendation also includes the recommendation that the court, *sua sponte*, dismiss all claims against James Vanness and Cynthia Dunlap. The plaintiff raises no objection to the dismissal of James Vanness and the court finds no independent reason why Defendant Vanness should not be terminated from the case. With respect to Defendant Dunlap, however, the plaintiff argues that she conspired with the two Notary Publics who are defendants in this case but have not filed motions to dismiss. Defendant Dunlap has not filed her own motion to dismiss and in light of the fact that claims against the Notary Publics with whom Defendant Dunlap was alleged to have acted are not yet resolved, the court finds *sua sponte* dismissal to be premature at this time.

Finally, the court notes that the Montgomery County Defendants initially challenged venue in their motion to dismiss, but have subsequently withdrawn that portion of their motion. (Doc. 29 at 2, n. 1).

## V.    CONCLUSION

In sum, the court will adopt each the reports and recommendations in part. The court finds that *res judicata* and related principles do not bar the

20

plaintiff's instant claims. Nevertheless, each of the motions to dismiss will be granted on alternate grounds. The court will dismiss all claims against each of the moving defendants as well as James Vanness who has not filed a motion. The court will not, however, dismiss claims against Cynthia Dunlap at this time.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 4, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-1723-01.wpd