UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| Cyrus R. Sanders, | : | |
|---|---|---|
| Plaintiff, | : | CIVIL ACTION NO. 3:11-1723 |
| v. | : | (MANNION, D.J.) |
| County of Bradford, | : | (BLEWITT, M.J.) |
| et. al. | : | (MEHALCHICK, M.J.)[1] |
| Defendants. | : | |
| | : | |

## **MEMORANDUM**

Presently before the court is the plaintiff's Motion to Alter Judgment made pursuant to Fed. R. Civ. Pro. Rule 59(e). (Doc. No. 81).

## I. BACKGROUND

This case arises out of the plaintiff's loss of several motor vehicles. (Doc. No. 1) The plaintiff claims (1) that Bradford County District Attorney Barrett unlawfully refused to investigate plaintiff's claims of stolen property under Pennsylvania Rule of Criminal Procedure 506, violating his Due Process rights; (2) that he was denied due process, equal protection, and access to the courts by the Montgomery County Defendants, Notary Public Bruce Cohen and Cynthia Dunlap; (3) that he was denied due process, equal protection, and property ownership rights by PennDOT; (4) that the Montgomery County Notaries fraudulently transferred ownership of his vehicle; and (5) that the court review the decision making process of the Bradford County Defendants, Montgomery County Defendant, and PennDOT. Given the limited nature of this motion, no further discussion of the

---

[1]On July 15, 2013, the referral of this case was reassigned to Judge Mehalchick.

background is necessary. The substance of this Motion for Reconsideration and briefs focus on whether prior precedent requires a district attorney to approve or disapprove of private criminal complaints under Rule 509. (Doc. No. 81; Doc. No. 84; Doc. No. 93; Doc. No. 94)**.**

## II. PROCEDURAL HISTORY

The plaintiff filed his complaint on September 15, 2011, alleging a variety of claims arising out of an alleged failure by the Bradford and Montgomery County District Attorneys to properly investigate the loss of several cars. (Doc. No. 1). The defendants filed a motion to dismiss that was subsequently granted by this court through an adoption of Judge Blewitt's report and recommendation. (Doc. No. 77). The plaintiff subsequently moved to alter the judgment and filed his brief in support of that motion on June 19, 2013, (Doc. No. 84), and defendants responded respectively on July 8, 2013, (Doc. No. 89), and July 10, 2013. (Doc. No. 90)[2]. The plaintiff filed reply briefs on July 23, 2013. (Doc. No. 93, 94).

## III. STANDARD OF REVIEW

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to consider newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "A

---

[2]Counsel misidentifies Magistrate Judge Blewitt as "Magistrate Blewitt" on page two of his brief. The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Counsel is reminded to use the correct title, in the future, when referring to Judge Blewitt.

judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) there is new evidence that was not previously available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)(quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration may also be used to correct instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds by* 915 F. Supp. 712 (M.D. Pa. 1996).

However, a motion will not be granted merely because a party is dissatisfied with the court's ruling, nor will a court consider repetitive arguments that were previously asserted and considered. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (a motion for reconsideration is not intended to provide losing party with a "second bite at the apple"); *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (being unhappy with the result of an opinion is an insufficient basis to grant relief); *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999); *L.S. v. Abington Sch. Dist.*, 2008 WL 1018789, at *4 (E.D. Pa. Apr. 9, 2008). Because federal courts have a strong interest in the finality of their judgments, the "extraordinary remedy" of changing the disposition of a case should be granted sparingly. *See Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995); *Piotrowski v.*

3

*Federman & Phelan, LLP*, 2005 WL 3504103, at *1 (M.D. Pa. Dec. 21, 2005).

## IV. DISCUSSION

In his motion, the defendant relies on three central tenants as grounds for modifying or altering the previous judgment. (Doc. No. 81). First, he claims that Pennsylvania Rule of Criminal Procedure 506 requires a district attorney to approve or disapprove of private criminal complaints. He cites a case out of this district, *Keys v. Carroll,* 2011 WL 1152135 (M.D.Pa. 2011), for the proposition that Rule 506 "requires that the attorney approve or disapprove of the complaint." *Id.* at *5. As an initial matter, no district court decisions are binding on other district court judges. *See Threadgill v. Armstrong Wold Industries, Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991) (holding there is no "law of the district" and that "the doctrine of *stare decisis* does not compel one district court judge to follow the decision of another"). More importantly, the cited case contradicts the plaintiff's contention. In *Keys* the court determined that "even assuming that the [district] attorney has an obligation to investigate a complaint, it does not follow that the complainant has an entitlement to have his complaint investigated." *Keys,* 2011 WL 1152135 at *5. As such, the "legislature did not intend to confer a statutory entitlement to complainants to have investigations conducted." *Id.* at *6.

The plaintiff further cites to the dissenting opinion from *In re Hickson,* 765 A.2d 372, 385 (Pa. Super. Ct. 2000), which was apparently unpersuasive to that court's majority, and is equally unpersuasive to this court. At any rate, it is also not binding upon this court.

He also directs this court's attention to *Abbott v. Latshaw,* 164 F.3d 141, 149 (3d Cir. 1998), claiming that the language noting "it is the domain of the

4

courts...to decide who is entitled to possession of property" supports the contention he was deprived of a property right through the inaction on his private criminal complaint. "The deep-rooted nature of law-enforcement discretion, even in the presence or seemingly mandatory legislative commands," allows for discretion "in deciding when and where" to file complaints. *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 761 (2005). As the requirement of Rule 509 is ultimately discretionary, it conveys no property rights to those filing such complaints. The plaintiff cites other cases the core of each is the issue of whether Rule 509 vests a property right when a complaint has not been acted upon. It does not. *See Keys*, 2011 WL 1152135 at *6. Where no property right exists, no due process claim can be established. The plaintiff fails to get over this initial hurdle and no further discussion is necessary.

Second, the plaintiff argues it was improper for the undersigned to review and rule upon the report and recommendation of Judge Blewitt. It was not[3].

Third, the plaintiff claims the applicable statute of limitations for his claims under 42 U.S.C. §1984 is four or twenty years because the case involves contractual documents, some of which are under state seal. (Doc. No. 81). "§1984 suits are governed by the state personal injury statutes of limitations. Pennsylvania provides a two-year statute of limitations for

---

[3]Arguably, it would be proper for a district judge to rule on a matter in which he or she had issued a report and recommendation as a magistrate judge. The plaintiff's entitlement is to a decision by an Article III judge, in a non-consent case, which he has received. This procedure in no way upsets the plaintiff's same rights of appeal. At any rate, as noted above, this is not the circumstances here.

5

personal injury claims." 42 Pa.C.S.A. §5524; *Bartholomew v. Fischl,* 782 F.2d 1148, 1155 (3d Cir. 1986). The documents in question are not the source of the claim, but are merely some evidence the plaintiff wishes to present. As such, the two year statute of limitations still applies.

Lastly, the plaintiff includes one new piece of evidence not discussed in his motion, but relied upon and attached to his briefs. (Doc. No. 94, Exh. L-2). This is a letter from the Office of General Counsel for the Commonwealth of Pennsylvania dated April 3, 2013. In this letter, the plaintiff draws this court attention to the following sentence: "In response to your other questions, I would suggest speaking with an attorney about your interest in the possibility of filing a criminal and/or civil complaint against Mr. Cohen." (Id.) This is not an admission that criminal activity occurred, but a statement by a state agency suggesting the plaintiff speak to an attorney about his options for possible recourse. This is not sufficient to show "a clear error . . . of fact." *Max's Seafood Café,* 176 F.3d at 677. In regard to the denial of his equal protection claim, the plaintiff again argues he is a "class of one" without citing any new facts or case law to support this contention, (Doc. No. 84).

## V.  CONCLUSION

For the foregoing reasons, plaintiff's Motion to Alter Judgment is **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: October 16, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-1723-02.wpd