# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYRUS R. SANDERS,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:11-1723** |
| : | |
| v. : | **(MANNION, D.J.)** |
| : | **(MEHALCHICK, M.J.)** |
| **COUNTY OF BRADFORD,** *et al.*, : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court is a Report & Recommendation ("R&R") filed by Magistrate Judge Caroline Mehalchick on November 21, 2014 recommending that the complaint filed by the Plaintiff, Cyrus R. Sanders, (Doc. 1), be dismissed and that the case be closed. (Doc. 129). Based upon the court's review of the record, the court will adopt the report and dismiss the case.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no

objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Because the court is writing for the benefit of the parties, we will not repeat the facts here. The court agrees with Judge Mehalchick that each of the plaintiff's surviving claims are clearly barred by the statute of limitations. (Doc. 129, p. 6). As an initial matter, Judge Mehalchick is correct in determining that Pennsylvania's two-year statute of limitations governs not only the claims alleged under 42 U.S.C. §1983 and 42 U.S.C. §1985(3) but also any state law tort claims that could be inferred from the plaintiff's allegations. *Id*. It is also clear that every alleged wrongful act occurred outside of two years of the constructive filing date of September 9, 2011. (Doc. 129, p. 7). Despite the plaintiff's assertion that the statute of limitation should be tolled, the court fully adopts the reasoning laid out by Judge Mehalchick

explaining the inapplicability of the various tolling doctrines to the instant case. *Id.*, at 7-8. Accordingly, the court dismisses these claims for both failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and for being frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i). *Id*. Further, in accordance with Judge Mehalchick's recommendation, this court will not grant further leave to amend as any such amendment would be futile.[1]

An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 25, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-1723-05.wpd

---

[1]In the alternative, the court also agrees with Judge Mehalchick's sound reasoning, in footnote #6 of her report, in which she notes that substantively the federal claims are meritless.

3